# In re William Osmin BARRIENTOS, Respondent

File A94 331 190 - Chicago

*Decided March 1, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Section 244(b)(5)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1254a(b)(5)(B) (2000), permits an alien to assert his right to Temporary Protected Status in removal proceedings, even if his application has previously been denied by the Administrative Appeals Unit.

FOR RESPONDENT: Mony Ruiz-Velasco, Esquire, Chicago, Illinois

FOR THE DEPARTMENT OF HOMELAND SECURITY: John H. Gountanis, Assistant Chief Counsel

BEFORE:   Board Panel: OSUNA, Acting Chairman; HURWITZ, Acting Vice Chairman; and HOLMES, Board Member.

OSUNA, Acting Chairman:

In a decision dated September 30, 2005, an Immigration Judge found that she lacked jurisdiction to consider the respondent's application for Temporary Protected Status ("TPS") under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254a (2000), and ordered the respondent removed to El Salvador.[1] The respondent has appealed from that decision. The appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings.

---

[1] El Salvador was designated for TPS on March 9, 2001, as a result of devastation caused by a series of severe earthquakes. *See* Designation of El Salvador Under Temporary Protected Status Program, 66 Fed. Reg. 14,214 (Mar. 9, 2001); *see also United States v. Orellana*, 405 F.3d 360, 361-62 (5th Cir. 2005). The initial designation of El Salvador for TPS stated that nationals of El Salvador "who have been 'continuously physically present' in the United States since March 9, 2001, and have 'continuously resided' in the United States since February 13, 2001, may apply for TPS within the registration period that begins on March 9, 2001 and ends on September 9, 2002." 66 Fed. Reg. at 14,214; *see also* sections 244(c)(1)(A)(i) and (ii) of the Act. This designation has been extended four times. *See* Extension of the Designation of Temporary Protected Status for El Salvador; Automatic Extension of Employment Authorization Documentation for El Salvadorian TPS Beneficiaries, 71 Fed. Reg. 34,637 (June 15, 2006).

## I.  FACTUAL AND PROCEDURAL HISTORY

The record reflects that the respondent arrived in the United States on or about June 1, 2000, and was not admitted or paroled.  He filed an administrative application for TPS on September 15, 2003.[2]  On November 21, 2003, the Nebraska Service Center issued an Intent to Deny, stating that the respondent had failed to present sufficient information to warrant approval of his application for TPS.  The respondent was given 30 days to present the required evidence.

In a decision dated February 3, 2004, the Nebraska Service Center stated that the respondent had failed to reply to the Intent to Deny and denied the respondent's application on that basis.  The respondent's appeal from that decision was untimely filed but was considered as a motion to reopen, which was denied on May 5, 2004, because the grounds for denial of his application had not been overcome.[3]

Removal proceedings were initiated against the respondent on November 9, 2004, charging that he is subject to removal under section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2000), as an alien who is present in the United States without being admitted or paroled.  At an April 26, 2005, hearing before an Immigration Judge, the respondent sought to apply for TPS and reiterated this request at the September 30, 2005, hearing.  Counsel for the Department of Homeland Security ("DHS") argued that the Immigration Judge lacked jurisdiction to consider the TPS application.

The Immigration Judge concluded that she had no jurisdiction to consider the respondent's TPS application.  The question of the Immigration Judge's jurisdiction under these circumstances is unsettled, because there is no Board precedent on this issue.  Although the Immigration Judge's decision was carefully considered, we disagree with her conclusion.

## II.  ANALYSIS

Section 244(b)(5)(B) of the Act provides as follows concerning the review of a decision to deny TPS:

> The Attorney General shall establish an administrative procedure for the review of the denial of benefits to aliens under this subsection.  Such procedure shall not

---

[2] The regulations provide that a TPS application must be filed with the district director.  *See* 8 C.F.R. §§ 244.7(a), 1244.7(a) (2006).

[3] An appeal of an adverse decision generally may be appealed to the Administrative Appeals Unit ("AAU").  *See* 8 C.F.R. §§ 244.10(c), 1244.10(c) (2006).  However, if the basis for denial of TPS concerns certain grounds of inadmissibility not applicable to this case, a charging document will be issued instituting proceedings against the alien, in which case he has no right to appeal to the AAU but is entitled to de novo review of his application in proceedings.  8 C.F.R. §§ 244.10(c)(1)(, (2), 1244.10(c)(1), (2).

> prevent an alien from asserting protection under this section in removal proceedings if the alien demonstrates that the alien is a national of a state designated [for TPS].

The plain language of the statute makes clear that an alien is permitted to assert his right to TPS protection in removal proceedings. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984) (stating that an agency must give effect to the unambiguously expressed intent of Congress); *Castellon-Contreras v. INS*, 45 F.3d 149, 152-53 (7th Cir. 1995).

The Immigration Judge considered the regulations regarding the administrative procedure for the review of the denial of TPS benefits and found that if a respondent has received a full administrative review of his TPS application, an Immigration Judge has no jurisdiction to conduct a de novo review of that application. *See* 8 C.F.R. §§ 244.10(d)(2), 1244.10(d)(2) (2006) (providing that if an appeal is dismissed by the Administrative Appeals Unit, a charging document may be issued if none has been filed with the Immigration Court); 8 C.F.R. §§ 244.11, 1244.11 (2006) (providing that if a charging document is served on an alien, the alien may renew a TPS application in the initiated proceedings); 8 C.F.R. §§ 244.18(b), 1244.18(b) (2006) (providing that the filing of a charging document renders any other administrative review of a TPS application inapplicable and that an alien has the right to a de novo determination of eligibility for TPS in the proceedings).

The language of section 244(b)(5)(B) of the Act does not support the Immigration Judge's interpretation of the regulations. The statute provides, without qualification, that administrative procedures will not prevent an alien from asserting his right to TPS in removal proceedings. Therefore, the regulations must be read as providing de novo review of eligibility for TPS in removal proceedings, even if an appeal has previously been denied by the Administrative Appeals Unit. *See* 8 C.F.R. §§ 244.18(b), 1244.18(b) (stating that after proceedings have been instituted, the respondent has the right to a de novo determination of eligibility for TPS). Accordingly, the respondent's appeal will be sustained and the Immigration Judge's decision will be vacated. The record will be remanded to the Immigration Judge for further proceedings.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The decision of the Immigration Judge is vacated, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.