# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2320

_____

| | | |
|---|---|---|
| Blanca Salguero-Fuentes; | * | |
| Francisco Mejia-Aguilar, | * | |
| | * | |
| Petitioners, | * | Petition for Review of an |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr.[1], Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: March 10, 2009
Filed: June 25, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Petitioner Blanca Salguero-Fuentes seeks review of a Board of Immigration Appeals ("BIA") removal order, which affirmed the immigration court's determination that it lacked jurisdiction to consider de novo Salguero-Fuentes's Temporary Protected Status ("TPS") eligibility under 8 U.S.C. § 1254a when

_____

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Salguero-Fuentes failed to exhaust her administrative remedies. We grant the petition for review and remand the case to the BIA for further interpretation of the statutory framework.

## I. Background

On March 9, 2001, the United States Attorney General designated El Salvador for TPS status following major earthquakes in that country. This status extends to certain designated countries with on-going armed conflict or instability due to major natural disasters, providing temporary humanitarian relief by protecting from removal those aliens in the United States who are nationals of countries with TPS status. *See* 8 U.S.C. § 1254a *et seq.*

Salguero-Fuentes, a citizen and national of El Salvador living in the United States, filed an unsuccessful TPS application during the initial registration period in 2002 and then a second application in 2003, which the Department of Homeland Security ("DHS") denied for lack of sufficient evidence of eligibility. Salguero-Fuentes then filed an untimely appeal to the DHS's internal Administrative Appeals Unit ("AAU") attempting to cure the alleged evidentiary deficiencies, but failed to perfect her AAU appeal because of its untimeliness. Several months after the AAU denied the appeal for untimeliness, DHS served her with a charging document placing her in removal proceedings together with her son.

An immigration judge found Salguero-Fuentes removable as charged. The judge ruled, applying TPS regulations, that the immigration court had no jurisdiction to determine de novo TPS protection in the removal proceedings because Salguero-Fuentes had not perfected an AAU appeal. Therefore, Salguero-Fuentes could not rely on TPS eligibility in the removal proceedings.

Salguero-Fuentes appealed the immigration judge's ruling to the BIA, a single member of which affirmed the immigration judge. Salguero-Fuentes then petitioned this Court for review, arguing that the immigration judge erred in refusing to exercise jurisdiction over her TPS eligibility.

## II. Discussion

This Court reviews the BIA's legal determinations de novo, "according substantial deference to the [BIA's] interpretation of the statutes and regulations it administers." *Regalado-Garcia v. I.N.S.*, 305 F.3d 784, 787 (8th Cir. 2002) (citing *Tang v. I.N.S.*, 223 F.3d 713, 718-19 (8th Cir. 2000)).

Salguero-Fuentes argues that the unambiguous language in the TPS statute expressly permits her to assert TPS protection during removal proceedings, despite her failure to perfect an AAU appeal. She points to 8 U.S.C. § 1254a(b)(5)(B), which requires the establishment of an administrative appeal process for applicants denied TPS benefits, but further provides that "[s]uch [a] procedure shall not prevent an alien from asserting protection under this section in removal proceedings." Salguero-Fuentes also contends that the decision in her case violates a precedential decision, *In re Barrientos*, 24 I. & N. Dec. 100 (BIA 2007), which, according to Salguero-Fuentes, interprets the relevant regulations as permitting aliens to raise TPS eligibility during removal proceedings without first exhausting their administrative remedies.

In response, the government requests a remand for an explanation of the BIA's interpretation of the relevant statutory framework. The government argues that without such explanation, this Court cannot effectively review the agency's interpretation of the law. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).

We agree that such a remand is necessary. The BIA, in a short opinion, affirmed the immigration court based on that court's opinion. However, neither court fully addressed why, under the statutory framework, the failure to perfect an AAU appeal bars an alien from raising TPS eligibility at the removal proceedings. Distinguishing *In re Barrientos*, wherein the petitioner had exhausted his administrative remedies, the BIA here simply cited the TPS statute for the proposition that an alien may raise TPS eligibility at removal proceedings only after exhausting administrative remedies. Salguero-Fuentes argues that the statute clearly stands for the opposite proposition. In the first instance, the BIA should review and interpret the applicable statutes and decide whether an alien must exhaust administrative remedies before being able to rely on TPS eligibility in removal proceedings.

## III.  Conclusion

For the foregoing reasons and for that purpose, we remand to the BIA for further proceedings. We request an expedited determination of the matter in issue. Petitioner, if suffering an adverse ruling, may renew an appeal to this Court.

_____