# Matter of Ismael LOPEZ-ALDANA, Respondent

File A094 762 120 - Bloomington, Minnesota

*Decided July 15, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An applicant for Temporary Protected Status may seek de novo review by an Immigration Judge in removal proceedings, regardless of whether all appeal rights before the Department of Homeland Security have been exhausted. *Matter of Barrientos*, 24 I&N Dec. 100 (BIA 2007), clarified.

FOR RESPONDENT: Marcus A. Jarvis, Esquire, Burnsville, Minnesota

FOR THE DEPARTMENT OF HOMELAND SECURITY: Daniel J. Pornschloegl, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, COLE, and PAULEY, Board Members.

PAULEY, Board Member:

In a decision dated October 7, 2008, an Immigration Judge found the respondent removable as charged, concluded that she lacked jurisdiction to review his request for Temporary Protected Status ("TPS") under section 244(b)(5)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1254a(b)(5)(B) (2006), denied voluntary departure, and ordered the respondent removed from the United States to El Salvador. The respondent has timely appealed from that decision. The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador. The record reflects that he first applied for TPS in 2002 and that his application was denied by the Vermont Service Center on July 15, 2003. The respondent filed subsequent applications that were also denied, but there is no indication that he ever filed an appeal with the Administrative Appeals Unit ("AAU").

The Department of Homeland Security ("DHS") initiated removal proceedings against the respondent with the issuance of a Notice to Appear (Form I-862) dated August 4, 2008, charging that he is subject to removal

under section 212(a)(6)(A)(i) of the Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), as an alien who is present in the United States without being admitted or paroled. At a hearing before the Immigration Judge, the respondent conceded that he is removable, but he sought review of his application for TPS. Counsel for the DHS argued that the Immigration Judge lacked jurisdiction to consider the respondent's TPS application.

The Immigration Judge found that she did not have jurisdiction to consider the respondent's TPS application, citing our decision in *Matter of Barrientos*, 24 I&N Dec. 100 (BIA 2007). According to her reading of that case, the regulations at 8 C.F.R. § 1244.10 (2008) provide that an Immigration Judge only has jurisdiction to consider the denial of a TPS application in two situations: (1) where the denial is based on the applicant's deportability or excludability and is accompanied by a charging document, and (2) where the AAU dismisses the alien's appeal and issues a charging document. Since the record did not indicate that the respondent appealed the denial of his TPS application to the AAU or that he was served with a charging document along with the initial denial of TPS, the Immigration Judge found that she lacked jurisdiction to review the respondent's application.

## II. ANALYSIS

Section 244(b)(5)(B) of the Act provides the following in regard to an alien's right to review of a decision to deny TPS:

> The Attorney General shall establish an administrative procedure for the review of the denial of benefits to aliens under this subsection. Such procedure shall not prevent an alien from asserting protection under this section in removal proceedings if the alien demonstrates that the alien is a national of a state designated [for TPS].

In *Matter of Barrientos*, 24 I&N Dec. 100, we noted that section 244(b)(5)(B) clearly provides that administrative procedures for the denial of TPS benefits cannot prevent an alien from asserting the right to TPS in removal proceedings. In that case, the Immigration Judge had ruled that where an alien has exhausted his right to an internal administrative review of his TPS application by taking an appeal from the initial denial to the AAU, an Immigration Judge no longer has jurisdiction to conduct a de novo review of the application. We reversed that ruling and held that "the regulations must be read as providing de novo review of eligibility for TPS in removal proceedings, even if an appeal has previously been denied by the Administrative Appeals Unit." *Id.* at 102.

The Immigration Judge in this case interpreted our holding in *Barrientos* as limiting an Immigration Judge's jurisdiction to conduct de novo review of a denied TPS application in removal proceedings to circumstances in which an

alien has exhausted all internal administrative appeal rights with the DHS. Because of the particular facts in *Barrientos*, our decision could be so construed, and, in fact, we have subsequently issued some unpublished orders that have followed the limited reading of our holding reflected in the Immigration Judge's decision in this case.

However, we now clarify that our decision in *Barrientos* was not intended to restrict an Immigration Judge's jurisdiction to review a TPS application to the two situations described by the Immigration Judge. Neither section 244(b)(5) of the Act nor the regulations require the exhaustion of internal DHS appeal procedures before an Immigration Judge may conduct a de novo review of an alien's eligibility for TPS. *See* C.F.R. §§ 244.10(d)(1), 244.11, 1244.10(d)(1), 1244.11 (2009). Instead, the Act simply provides that any administrative procedure for the review of the denial of TPS benefits shall not prevent an alien from asserting TPS protection in removal proceedings if the alien demonstrates that he or she is a national of a state designated under section 244(b)(1). Section 244(b)(5)(B) of the Act. Moreover, 8 C.F.R. §§ 244.18(b) and 1244.18(b) (2009) provide that an alien has the right to a de novo determination of his or her eligibility for TPS in removal proceedings and that in the event that such proceedings are initiated while an appeal before the AAU is pending, the "appeal shall be dismissed and the record of proceeding returned to the jurisdiction where the charging document was filed."[1] These regulations, which were cited in *Barrientos*, support our reading of that decision and undermine the argument that de novo review can occur only *after* the exhaustion of internal AAU appeal rights. We therefore conclude that since the respondent's application for TPS was adjudicated and denied by the DHS, he may assert his right to review of his application before the Immigration Judge, even though he took no appeal to the AAU.

Based on the foregoing, we will sustain the respondent's appeal and remand the record to the Immigration Judge to conduct a de novo review of the respondent's TPS application. In light of our decision to remand, we find it unnecessary to address the respondent's other arguments on appeal.

---

[1] It appears that the regulations also envision that an Immigration Judge will be the initial adjudicator of a TPS application in certain limited circumstances. For example, the regulations provide that the filing of a charging document with the Immigration Court renders any other administrative adjudication or review inapplicable and that the alien's eligibility for TPS will then be determined in the proceedings before the Immigration Judge. *See* 8 C.F.R. §§ 244.18(b), 1244.18(b). Also, where an alien has a pending proceeding before an Immigration Judge or the Board at the time a foreign state is designated under section 244(b) of the Act, the alien will have the opportunity to submit an application to the designated director within the DHS, but where the basis of the charging document, if established, would render the alien ineligible for TPS, eligibility would be determined during the pending proceedings. *See* 8 C.F.R. §§ 244.7(d), 1244.7(d) (2009).

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.