# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2092

_____

Mayra Dominguez-Cortez, also known    *
as Amanda Dominguez-Cortes,    *
   *
      Petitioner,    *
   *   Petition for Review of
    v.    *   an Order of the Board
   *   of Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General    *
of the United States,    *   [UNPUBLISHED]
   *
      Respondent.    *

_____

Submitted: October 21, 2009
Filed: October 30, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mexican citizen Mayra Dominguez-Cortez petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ's) decision finding her ineligible for cancellation of removal under INA §§ 237(a)(2)(E)(i) ("Any alien who at any time after admission is convicted of a crime

_____

[1] Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

of . . . child abuse, child neglect, or child abandonment is deportable."), 240A(b)(1) (alien is only eligible for cancellation of removal if he or she has not been convicted of offense under 237(a)(2)), because of her prior conviction under Cal. Penal Code § 273a(a). Dominguez-Cortez argues that section 273a(a) encompasses conduct falling outside the definition of "child abuse," as defined generically by the BIA, and that the BIA therefore should apply the modified categorical approach set forth in Taylor v. United States, 495 U.S. 575 (1990).

Upon de novo review, see Salguero-Fuentes v. Holder, 569 F.3d 399, 400-01 (8th Cir. 2009), we agree with the BIA that section 273a(a) falls within the INA's generic definition of child abuse, see In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 996 (1999); Matter of Velazquez-Herrera, 24 I. & N. Dec. 503, 513, 515 (2008). The case that Dominguez-Cortez has presented in her Federal Rule of Appellate Procedure 28(j) letter is distinguishable, because it involves a different California statute.

Further, we decline to consider her Fifth Amendment claim that is raised for the first time in this petition. See Afolayan v. INS, 219 F.3d 784, 788 (8th Cir. 2000).

Accordingly, we deny the petition.

_____