09-3375-ag
Del Cid-Nolasco v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of July, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
            RICHARD C. WESLEY,
            DENNY CHIN,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
Samuel Del Cid-Nolasco,
            **Petitioner**,

            **-v.-**                                           09-3375-ag

Eric H. Holder Jr., United States
Attorney General, United States
Citizenship and Immigration Service,
Department of Homeland Security, Janet
Napolitano,
            **Respondents**.*
- - - - - - - - - - - - - - - - - - - - -X

---

* The Clerk of the Court is directed to amend the official caption as noted.

**APPEARING FOR PETITIONER:** ERIN I. O'NEIL-BAKER, Hartford, CT.

**APPEARING FOR RESPONDENTS:** JEM C. SPONZO, Trial Attorney (Ada E. Bosque, Senior Litigation Counsel), Office of Immigration Litigation, Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

Petition for review of an order of Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition be **DENIED**.

Samuel Del Cid-Nolasco petitions for review of a July 10, 2009 order of the Board of Immigration Appeals, denying his applications for temporary protected status and voluntary departure. Del Cid-Nolasco, a Honduran who entered the United States in July 1997, claimed temporary protected status in his removal proceedings and applied in the alternative for voluntary departure. The application for temporary protected status was denied on the ground that he failed to timely apply; the request for voluntary departure was denied on the ground that he failed to demonstrate possession of valid travel documents. He petitions for review only of the denial of temporary protected status. We otherwise assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

Temporary protected status affords eligible aliens protection from removal upon a determination by the Attorney General that conditions in their own country prevent their safe return. 8 U.S.C. § 1254a. To obtain temporary protected status, an alien must [1] be a national or habitual resident of the designated state; [2] "ha[ve] been continuously physically present in the United States since the effective date of the most recent designation of that state"; [3] "ha[ve] continuously resided in the United States since such date as the Attorney General may designate"; [4] be "admissible as an immigrant, except as otherwise provided under [8 U.S.C. § 1254a(c)(2)(A)], and . . . not ineligible for temporary protected status under [8

2

U.S.C. § 1254a(c)(2)(B)]"; and [5] "[r]egister[] for Temporary Protected Status during the initial registration period announced by public notice in the Federal Register," or satisfy one of four late registration criteria.  Id.; 8 C.F.R. § 1244.2.

The Attorney General initially designated Honduras for temporary protected status in 1999, due to hurricane damage. 64 Fed. Reg. 524 (Jan. 5, 1999).  The initial registration period ran from January 5 to July 5, 1999, id.; since then, the designation has been extended nine times, most recently in May of this year.  See 75 Fed. Reg. 24,734 (May 5, 2010); 73 Fed. Reg. 57,133 (Oct. 1, 2008); 72 Fed. Reg. 29,529 (May 29, 2007); 71 Fed. Reg. 16,328 (Mar. 31, 2006); 69 Fed. Reg. 64,084 (Nov. 3, 2004); 68 Fed. Reg. 23,744 (May 5, 2003); 67 Fed. Reg. 22,451 (May 3, 2002); 66 Fed. Reg. 23,269 (May 8, 2001); 65 Fed. Reg. 30,438 (May 11, 2000).  Each extension permitted aliens who had already registered to re-register for an extension of temporary protected status; none permitted new registrations unless an alien satisfied one of the criteria for late registration set out in 8 C.F.R. § 1244.2.

The Board of Immigration Appeals denied Del Cid-Nolasco's application for temporary protected status on the ground that he neither registered for temporary protected status during the initial registration period nor satisfied one of the late registration criteria.  We review the Board's factual findings for substantial evidence, 8 U.S.C. § 1252(b)(4)(B), and its legal conclusions de novo, "with the caveat that the [Board's] interpretations of ambiguous provisions of the [Immigration and Nationality Act] are owed substantial deference unless arbitrary, capricious, or manifestly contrary to the statute."  Arenas-Yepes v. Gonzalez, 421 F.3d 111, 114 (2d Cir. 2005) (internal quotation marks omitted).

It is undisputed that Del Cid-Nolasco neither applied for temporary protected status during the January 5 to July 5, 1999 initial registration period nor satisfies any of the criteria for late registration.  As the Board concluded, he is ineligible for temporary protected status.

Del Cid-Nolasco alleges that he was precluded from asserting his claim for temporary protected status during the removal proceedings.  Citing Barrientos, 24 I. & N. Dec. 100 (Bd. of Immigration Appeals Mar. 1, 2007), he claims

3

that he is entitled to <u>de novo</u> review of his application by the Immigration Judge ("IJ") and the Board.  In <u>Barrientos</u>, the IJ declined to consider a temporary protected status application on jurisdictional grounds.  But here, the IJ considered Del Cid-Nolasco's application and denied it on the merits.  Petitioner was in no way precluded from asserting his temporary protected status claim; he did, and it was denied.  Contrary to petitioner's assertions, he did not establish a prima facie case of eligibility for temporary protected status: His failure to either apply during the initial registration period or satisfy one of the criteria for late registration is fatal to his claim.

Finding no merit in Del Cid-Nolasco's remaining arguments, we hereby **DENY** his petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4