[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

No. 10-14089
Non-Argument Calendar
_____

Agency No. A097-209-940

JOSEPH CARLO OLIVIER,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 16, 2011)

Before TJOFLAT, KRAVITCH and BLACK, Circuit Judges.

PER CURIAM:

Before us is a petition to review the final order of the Board of Immigration

Appeals ("BIA") denying petitioner's motion to reopen removal proceedings subsequent to the BIA's affirmance of an Immigration Judge's ("IJ") denial of petitioner's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture, 8 U.S.C. §§ 1158, 1231(b)(3)(A); 8 C.F.R. § 208.16(c). Petitioner, a native of Haiti and a citizen of Venezuela, moved the BIA to reopen the proceedings so that he could have the immigration courts review his application for Temporary Protective Status ("TPS"), which is available to Haitian nationals. He asks us to reverse the BIA's order, and direct the BIA to reopen the removal proceedings on the ground that the BIA, in denying his motion to reopen, infringed his Fifth Amendment right to due process.[1]

We review this due process challenge to the BIA's decision *de novo*. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). "To establish a due process violation, the petitioner must show that [he] was deprived of liberty without due process of law and that the purported errors caused [him] substantial prejudice." *Id.* No deprivation of liberty occurs when an alien fails "to receive relief that is purely discretionary in nature," such as the BIA's granting of a

---

[1] The BIA's order indicated that the IJ had no jurisdiction over petitioner's application for TPS, but that the Immigration and Nationality Act § 244A(b)(5)(B), 8 U.S.C. § 1254a(b)(5)(B), granted him the right to have the immigration courts review his TPS eligibility.

motion to reopen proceedings. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008). "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix*, 605 F.3d at 1143.

Petitioner's claim fails because the BIA's denial of his motion to reopen did not infringe on any constitutionally protected interest. *See Scheerer*, 513 F.3d at 1253 (holding that an alien could not prevail on a due process claim because he had no constitutionally protected interest in the BIA's granting of his motion to reopen or in the adjustment of his immigration status). The statutory provision petitioner cites does not grant him the right to have his initial TPS application reviewed by the immigration courts instead of the Department of Homeland Security. *See Matter of Lopez-Aldana*, 25 I. & N. Dec. 49, 50-52 & n.1 (BIA 2009). Moreover, because the BIA did not deprive him of any rights, he failed to show that the BIA's decision resulted in substantial prejudice.

PETITION DENIED.