# Matter of N-C-M-, Respondent

*Decided June 10, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

To be eligible for late initial registration for Temporary Protected Status ("TPS"), an applicant filing as the "child of an alien currently eligible to be a TPS registrant" must establish only that he or she qualified as a "child" at the time of the initial registration period, not at the time the application was filed.

FOR RESPONDENT: Frank P. Sprouls, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Scott A. Eash, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and WENDTLAND, Board Members.

PAULEY, Board Member:

The respondent, a native and citizen of El Salvador, appeals from an Immigration Judge's August 27, 2009, decision denying his applications for asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158 (2006), withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (2006), and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46. 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). The respondent also appeals the Immigration Judge's determination that he is ineligible for Temporary Protected Status ("TPS"), for which he submitted a late registration that was denied by the Department of Homeland Security ("DHS") in March 2007. The appeal will be dismissed in part and sustained in part, and the record will be remanded to the Immigration Judge for further proceedings.

We review an Immigration Judge's findings of fact, including credibility findings, to determine whether they are "clearly erroneous." *See United States v. National Ass'n of Real Estate Boards*, 339 U.S. 485, 495 (1950) (noting that a factual finding is not "clearly erroneous" merely because there are two permissible views of the evidence); 8 C.F.R. § 1003.1(d)(3)(i) (2011). We review de novo all questions of law, discretion, and judgment and

any other issues in appeals from decisions of Immigration Judges. *Matter of A-S-B-*, 24 I&N Dec. 493 (BIA 2008); 8 C.F.R. § 1003.1(d)(3)(ii).

The respondent's appeal related to his asylum claim is governed by amendments to the Act brought about by passage of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302 ("REAL ID Act"). Among other things, under the REAL ID Act, an asylum applicant must prove that his race, religion, nationality, particular social group, or political opinion was or will be at least one central reason for the harm and threats suffered in the past or feared in the future. *See Matter of J-B-N- & S-M-*, 24 I&N Dec. 208 (BIA 2007).

The respondent's asylum claim is controlled by our precedents and those of the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises.[1]

As we noted above, the DHS's U.S. Citizenship and Immigration Services ("USCIS") denied the respondent's application for TPS in March 2007, finding that he had failed to prove his residence in the United States prior

---

[1] In regard to his asylum claim, the respondent testified that he fled El Salvador because he feared criminal gangs such as Mara Salvatrucha. In El Salvador, he and family members were extorted, threatened, beaten, and robbed by gang members. None of the incidents was reported to the police. Neighbors told the respondent that gang members were looking for him and showed a gun, which he interpreted as a threat to kill him. A cousin who was assaulted and robbed by gang members relocated within El Salvador, and no evidence was presented about recurring problems with gangs since the relocation.

The Immigration Judge denied the asylum and withholding of removal claims because she found that the respondent had not submitted adequate evidence that he was a member of a particular social group. We agree with this finding.

Victims of gang violence and unwilling gang recruits do not describe a particular social group under the precedent of this Board and the Ninth Circuit. *See Barrios v. Holder*, 581 F.3d 849 (9th Cir. 2009); *Arteaga v. Mukasey*, 511 F.3d 940, 944-46 (9th Cir. 2007); *Matter of E-A-G-*, 24 I&N Dec. 591 (BIA 2008); *Matter of S-E-G-*, 24 I&N Dec. 579, 588 (BIA 2008). To the extent that the respondent claims that he was targeted by the gangs because of his express or implied antigang political opinion, we note that the record does not include adequate evidence to support such a claim. The Immigration Judge's findings of fact indicate that the respondent's encounters with the gangs sprang first from their desire to rob him and, thereafter, if anything, from their "personal grudge" because the respondent resisted their "robbery attempts." We agree with the Immigration Judge that neither of these motivations relates to the respondent's political opinion or otherwise supports a nexus to a protected ground. *INS v. Elias-Zacarias*, 502 U.S. 478 (1992).

Because the respondent failed to satisfy the lower burden of proof applicable to asylum, he has necessarily failed to establish eligibility for withholding of removal, which carries a higher burden of proof. *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 218 (BIA 2010). The respondent also did not submit adequate evidence to show a clear probability of torture at the instigation of, or with the consent or acquiescence of, current government officials or persons acting in an official capacity. 8 C.F.R. § 1208.18(a)(7) (2011).

to February 13, 2001, and his continuous physical presence since March 9, 2001. In reviewing this denial, the Immigration Judge agreed that the respondent had not shown that he was eligible for TPS benefits, but she reached this conclusion for a different reason. The Immigration Judge observed that the regulations provide that, to be entitled to late initial registration for TPS, an applicant must be a "spouse or child of an alien currently eligible to be a TPS registrant." 8 C.F.R. § 1244.2(f)(2)(iv) (2011). Because the respondent was 24 years old in 2006 when he filed for TPS benefits, the Immigration Judge concluded that when he filed for benefits, he no longer had the status of a "child" under section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (2006), and therefore did not satisfy the criteria for late registration under the regulations. The Immigration Judge found that under 8 C.F.R. § 1244.2(g), which provides that a person must file his or her application for TPS benefits within 60 days of the "expiration or termination of conditions described in paragraph (f)(2) of this section," the respondent was bound to file his late TPS registration within 60 days of his 21st birthday, which was on July 15, 2003.

On appeal, the respondent argues that the Immigration Judge erred in his interpretation of the regulations, which state that late registrants may file their application for benefits during any "subsequent extension of such designation if at the time of the initial registration period . . . [t]he applicant is a spouse or child of an alien currently eligible to be a TPS registrant." 8 C.F.R. § 1244.2(f)(2)(iv). The respondent contends that by adding the words "at the time of the initial registration period," the regulations contemplate only that the late applicant must be a "child" of a TPS-eligible alien, as that term is defined under the Act, at the time of the original registration period, in this case, between March 9, 2001, and September 9, 2002. According to the respondent, when the USCIS adjudicated his application for TPS benefits, it "took it as a given" that he met the applicable test for being a "child" and denied the application for lack of evidence of physical presence and residence. The respondent therefore suggests that the Immigration Judge should not have reached the issue whether he was properly considered a "child" for purposes of the regulations.

We first reject the argument that the Immigration Judge exceeded her authority in reaching the question whether the respondent was eligible to apply for late registration for TPS based on his "aging out" of the statutory definition of a "child" for purposes of the applicable regulations. We recently clarified that in reviewing denials of TPS benefits, the Immigration Judge employs a de novo standard of review. *Matter of Lopez-Aldana*, 25 I&N Dec. 49 (BIA 2009). Nothing in the applicable regulations governing review of TPS applications in Immigration Court would limit the Immigration Judge's authority in the manner that the respondent suggests.

Nevertheless, we agree with the respondent's argument that the Immigration Judge erred in her interpretation of the regulations. The applicable part of the regulation provides as follows:

> Except as provided in §§ 1244.3 and 1244.4, an alien may in the discretion of the director be granted Temporary Protected Status if the alien establishes that he or she:
>     . . . .
>     (f)(1) Registers for Temporary Protected Status during the initial registration period announced by public notice in the Federal Register, *or*
>     (2) During any subsequent extension of such designation if *at the time of the initial registration period*:
>     (i) The applicant is a nonimmigrant or has been granted voluntary departure status or any relief from removal;
>     (ii) The applicant has an application for change of status, adjustment of status, asylum, voluntary departure, or any relief from removal which is pending or subject to further review or appeal;
>     (iii) The applicant is a parolee or has a pending request for reparole; *or*
>     (iv) The applicant is a spouse or child of an alien currently eligible to be a TPS registrant.
>     . . . .
>     (g) Has filed an application for late registration with the appropriate Service director within a 60-day period immediately following the expiration or termination of conditions described in paragraph (f)(2) of this section.

8 C.F.R. § 1244.2 (emphasis added).[2]

Therefore, the regulations regarding late registration require an alien to establish that at the time of the initial registration period, he either had a familial relationship with another TPS-eligible alien, 8 C.F.R. § 1244.2(f)(2)(iv), or was in a specified immigration status or had a pending application or request for a certain status or relief, 8 C.F.R. §§ 1244.2(f)(2)(i)–(iii). On the face of the regulation, the relationship or specified "status" must exist "at the time of the initial registration period." 8 C.F.R. § 1244.2(f)(2). Paragraph (g) deals with the "expiration or termination" of "conditions" described in paragraph(f)(2) and essentially extends the deadline for late registration to allow applicants who no longer fall into the categories listed in paragraph (f)(2) to file within 60 days of the "expiration" or "termination" of their classification.

The Immigration Judge interpreted paragraph (g) as covering both the immigration status categories listed in 8 C.F.R. § 1244.2(f)(2)(i) through (iii) and the familial relationships listed in paragraph (f)(2)(iv). She therefore reasoned that the late registration application must be filed within 60 days of the date the applicant ceased to be a "child" for purposes of the Act.

---

[2] The regulations relating to TPS applications submitted to the DHS are at 8 C.F.R. § 244.2 (2011).

We find that this interpretation of the applicable regulations was in error, based on the regulatory language chosen by the Attorney General, the regulatory history, and the guidance provided by USCIS to aliens seeking late initial registration for TPS benefits.

First, we observe that the two general bases for allowing late registration are materially different, in that one category of allowable late registration derives from maintenance of a valid immigrant or nonimmigrant status at the time of the initial registration period, and the other derives from family relationships. In fact, the regulatory history of this rule indicates that the "spouse or child" exception in 8 C.F.R. § 1244.2(f)(2)(iv) was not even contemplated at the time the interim rules were first presented for comment. Rather, at first the regulations were intended only to address the situation of aliens who maintained "valid immigrant or nonimmigrant status during the initial registration period" and did not register initially for TPS because such protection was not needed on account of their valid status. Temporary Protected Status, Exception to Registration Deadlines, 58 Fed. Reg. 58,935, 58,936 (Nov. 5, 1993) (interim rule with request for comments) (Supplementary Information).

The comment period brought several changes to the interim rule, including (1) an extension of the grace period (after termination of a valid status) within which an alien could file for late registration, (2) a listing of the various ways in which an alien would be considered to maintain "valid" immigrant or nonimmigrant status for purposes of late filing for TPS, and (3) the inclusion of spouses and children as among those would could register for benefits at a later date. *See* Temporary Protected Status, Exception to Registration Deadlines, 63 Fed. Reg. 63,593 (Nov. 16, 1998) (final rule).

The parent-child relationship referred to in 8 C.F.R. § 1244.2(f)(2)(iv) is notably different from the exceptions relating to valid immigrant or nonimmigrant status. While the "termination" or "expiration" provisions of paragraph (g) have clear applicability to the expiration of a defined period of visa applicability, voluntary departure, parole, or status, the regulations give no indication that the Attorney General intended that those provisions would apply to the late application of a person who was a qualifying "child" of a TPS-eligible alien at the time of the initial registration period. *See Matter of Masri*, 22 I&N Dec. 1145, 1148 (BIA 1999). In fact, the regulation does not reflect any consideration by the Attorney General to defining a window during which an otherwise eligible child of a TPS-eligible alien must file his or her application. Rather, the final regulation recognizes, in response to comments, that the former Immigration and Naturalization Service "agree[d] . . . that . . . minors whose parents registered for TPS, but did not register any or all of their children, should be eligible for . . . late initial registration." Temporary Protected Status, Exception to Registration Deadlines, 63 Fed. Reg. at 63,594

(Supplementary Information). We therefore find that 8 C.F.R. § 1244.2(g) does not apply to a child who seeks late initial registration for TPS benefits.

We note that section 101(b)(1) of the Act defines a "child" as an unmarried person who is under the age of 21. Based on the above analysis, we find that the regulations provide a clear date on which to measure a child's age for purposes of qualifying for TPS benefits through a parent who registered during the initial registration period. The regulations require that a late registrant be a "child" only "at the time of the initial registration period," not at the time when the application for late initial registration is filed. 8 C.F.R. § 1244.2(f)(2).

Guidance offered by the USCIS to TPS applicants in a fact sheet regarding late initial registration is consistent with our interpretation of the regulatory language. *See* USCIS, DHS, *Guidance on Late Initial Registration for TPS Applicants*, *available at* http://www.uscis.gov (last updated May 10, 2010). The fact sheet states that "[t]o qualify for a late initial TPS registration application, you must . . . demonstrate that at the time of the initial registration period of the TPS designation . . . you . . . were the spouse or child of an alien currently eligible to be a TPS registrant."

We find nothing in the regulations or elsewhere that requires a late initial registrant to maintain "child" status up to and until the time that the late registration application is filed. Accordingly, the respondent's appeal from the Immigration Judge's determination that he is ineligible for TPS benefits will be sustained. The respondent has the right to a de novo review of the stated reasons for the USCIS denial of that application, which the Immigration Judge did not conduct. *Matter of Lopez-Aldana*, 25 I&N Dec. 51. We will therefore remand the record to the Immigration Judge for further consideration of the respondent's application for TPS benefits. The respondent's appeal from the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture will be dismissed.

**ORDER:** The respondent's appeal from the Immigration Judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture is dismissed.

**FURTHER ORDER:** The respondent's appeal from the Immigration Judge's denial of his application for TPS benefits is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.