12-4421-ag
Fuentes v. Holder

BIA
Vomacka, IJ
A094 762 542

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of December, two thousand thirteen.

PRESENT:  REENA RAGGI,
              DENNY CHIN,
              CHRISTOPHER F. DRONEY,
                *Circuit Judges*.

_____

ANIBAL DE JESUS FUENTES, AKA
ANIBAL FUENTES CHICAS,
                *Petitioner*,

          v.                            No. 12-4421-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                *Respondent*.

_____

APPEARING FOR PETITIONER:        DAVID M. SPERLING, Central Islip, New York.

APPEARING FOR RESPONDENT:        ANDREW N. O'MALLEY, Trial Attorney (Stuart F. Delery, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED to the BIA.

Anibal De Jesus Fuentes, a native and citizen of El Salvador, seeks review of an October 11, 2012 order of the BIA affirming the June 7, 2011 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Fuentes's application for Temporary Protected Status ("TPS"). See In re Anibal De Jesus Fuentes, No. A094 762 542 (B.I.A. Oct. 11, 2012), aff'g No. A094 762 542 (Immig. Ct. N.Y. June 7, 2011). Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard, and we review questions of law and the application of law to undisputed fact de novo. See 8 U.S.C. § 1252(b)(4)(B); Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir. 2009); Iavorski v. I.N.S., 232 F.3d 124, 128 (2d Cir. 2000) (Sotomayor, J.). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

TPS affords an eligible non-citizen protection from removal upon a determination by the Attorney General that conditions in the applicant's native country prevent safe return. See 8 U.S.C. § 1254a. To obtain TPS, an alien must, inter alia, file an application with U.S. Citizenship and Immigration Services ("CIS") during the initial registration period announced by public notice in the Federal Register, or satisfy one of four late registration criteria. See id.; 8 C.F.R. § 1244.2. If CIS denies a TPS application, the TPS applicant may appeal the denial to the Administrative Appeals Office ("AAO"), and if the AAO dismisses the appeal, the applicant may be issued with a charging document placing him in removal proceedings. See 8 U.S.C. § 1254a(b)(5)(B); 8 C.F.R. § 1244.10(d). In removal proceedings, he is entitled to de novo review of his eligibility for TPS. See 8 C.F.R. §§ 1244.10(d), 1244.11; Matter of Lopez-Aldana, 25 I. & N. Dec. 49, 50–51 (B.I.A. July 15, 2009).

The Attorney General designated El Salvador for TPS in March 2001, due to a series of earthquakes there in early 2001, and the registration period ran until September 9, 2002. See Designation of El Salvador Under Temporary Protected Status Program, 66 Fed. Reg. 14,214, 14,215 (Mar. 9, 2001). It is undisputed that Fuentes did not file his first application for TPS until November 2002, after the filing deadline expired, and Fuentes does not argue that he satisfied any of the late registration criteria listed in 8 C.F.R. § 1244.2(f)(2). Instead, before the IJ, Fuentes sought to renew his original TPS application, arguing that the filing deadline should have been equitably tolled due to his justified reliance on an individual named Alfredo Rios, who misrepresented himself to be an attorney, and who failed timely to file Fuentes's initial TPS application. The agency

3

assumed without discussion that the TPS registration period could be equitably tolled, based on ineffective assistance of counsel, including where, as here, the ineffective assistance is provided by someone who is not, in fact, an attorney.[1]  Nevertheless, the BIA concluded that Fuentes could not benefit from equitable tolling because he did not exercise due diligence.

In the context of a motion to reopen based on ineffective assistance of counsel, the filing deadline will be tolled until the ineffective assistance is or should have been discovered.  See Cekic v. I.N.S., 435 F.3d 167, 171 (2d Cir. 2006).  From the point at which ineffectiveness is actually discovered or should have been discovered, the individual seeking to toll the deadline must show that he pursued his case with due diligence.  See id.  The BIA stated that Fuentes was "aware as early as January 2002, when he complained to Mr. Rios that he had not received employment authorization that something was wrong with his application."  In re Anibal De Jesus Fuentes, No. A094 762 542, at 2.  Even assuming that this statement constitutes an explicit finding by the BIA that Fuentes discovered or should have discovered Rios's fraud or ineffectiveness by January 2002, such a finding cannot by itself support an adverse determination on due diligence because at that time the deadline for filing the TPS application was still nine months away.  The BIA does not explain what actions, demanded by due diligence,

---

[1] We express no view on the matter.  Nor do we preclude the agency from addressing this question more fully on remand.  See generally Omar v. Mukasey, 517 F.3d 647, 650 (2d Cir. 2008) ("Whether a petitioner can bring a claim of ineffective assistance due to the actions of a non-attorney immigration consultant . . . [has] not yet been settled in this Circuit and … [is] currently being considered by the BIA.").

4

Fuentes failed to take between January and November 2002 that support the denial of tolling. In the absence of such an explanation, we cannot conduct even the highly deferential review provided by law. See 8 U.S.C. § 1252(b)(4)(B); Iouri v. Ashcroft, 487 F.3d 76, 81 (2d Cir. 2007).

Moreover, the record indicates that CIS received Fuentes's TPS application in November 2002 and rejected it in March 2003 due not to untimeliness but, rather, to a payment deficiency. According to Fuentes, Rios assured him that this rejection was an error by CIS and that Fuentes should renew his application, which Fuentes did—through Rios—in July 2004. When this application was denied as untimely, Fuentes—acting on the advice of Rios or an attorney recommended by him—filed further TPS applications in January 2005 and September 2007, which were also denied. At the same time, Fuentes also appealed to the AAO the denials of his 2004, 2005 and 2007 applications, which were dismissed. Fuentes argues that his repeated applications and appeals, understood in the context of advice from Rios that he would resolve the situation if Fuentes continued to file, demonstrated his due diligence. See Cekic v. I.N.S., 435 F.3d at 171 (concluding that applicants' reliance on their attorney's repeated assurances that their case was being pursued for two years after they learned they were subject to orders of removal was reasonable).

Because the record here does not manifest the sort of inaction evident in cases such as Iavorski v. I.N.S., 232 F.3d at 134 (concluding no due diligence where applicant waited two years after being unable to reach his attorney to ascertain status of appeal to file motion to reopen), and because the BIA did not indicate what more Fuentes could

5

have done (and when) to demonstrate due diligence, we cannot evaluate the agency action.

In such circumstances, the proper course is to remand for additional agency explanation.  See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985); Twum v. I.N.S., 411 F.3d 54, 61 (2d Cir. 2005) (Sotomayor, J.).

Accordingly, for the reasons stated, the petition for review is GRANTED, and the case is REMANDED to the BIA for further proceedings consistent with this order, whereupon either party may seek to have the matter restored to the court's docket for assignment to a panel in due course.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk