**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MODESTO MONTES,<br><br>             Petitioner,<br><br>   v.<br><br>JEFFERSON B. SESSIONS III, Attorney<br>General,<br><br>             Respondent. | No.   16-70748<br><br>Agency No. A073-936-773<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Modesto Montes, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen, and

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not err or abuse its discretion in denying Montes' motion to reopen based on lack of notice, where the notice of hearing was mailed to his most recent address on record. *See* 8 U.S.C. §§ 1229(a)(2)(B), 1229a(b)(5)(B), (b)(5)(C)(ii); *Velasquez-Escovar v. Holder*, 768 F.3d 1000, 1004 (9th Cir. 2014) ("[A]liens are entitled to notice unless they fail to give a current address to the government or fail to let the government know when they move."); *see also Matter of M-R-A-*, 24 I. & N. Dec. 665, 675 (BIA 2008) ("[A] respondent cannot evade delivery of a properly sent Notice of Hearing by relocating without providing the required change of address and then request reopening of in absentia proceedings on the basis of a claim that he did not receive notice.").

Contrary to Montes' contention, the agency's determination that he failed to demonstrate an exceptional situation warranting sua sponte reopening was premised on a proper understanding of the law regarding the review of his eligibility for Temporary Protected Status ("TPS"). *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error."); *Matter of Barrientos*, 24 I.

& N. Dec. 100, 102 (BIA 2007) (an alien is permitted to assert his or her right to TPS protection during ongoing removal proceedings); *cf. Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted unless it establishes a prima facie case for relief).

The record does not support Montes' contention that the BIA's order failed to state a legal standard or relied on an incorrect legal standard, and to the extent Montes contends the BIA erred in summarily affirming the IJ's decision, this contention lacks merit. *See* 8 C.F.R. § 1003.1(e)(4)(i); *Tijani v. Holder*, 628 F.3d 1071, 1074 n.1 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**

16-70748