# Matter of Pablo De Jesus HENRIQUEZ RIVERA, Respondent

*Decided August 8, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When an application for Temporary Protected Status that has been denied by the United States Citizenship and Immigration Services ("USCIS") is renewed in removal proceedings, the Immigration Judge may, in the appropriate circumstances, require the Department of Homeland Security to provide the application that the applicant filed with the USCIS.

FOR RESPONDENT: Lino R. Rodriguez, Jr., Esquire, Atlanta, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Randall W. Duncan, Assistant Chief Counsel

BEFORE: Board Panel: ADKINS-BLANCH and GUENDELSBERGER, Board Members; KENDALL CLARK, Temporary Board Member.

ADKINS-BLANCH, Board Member:

In a decision dated July 7, 2010, an Immigration Judge terminated the removal proceedings against the respondent. The Department of Homeland Security ("DHS") has appealed from that decision. The respondent has not replied to the DHS's brief on appeal. The appeal will be sustained in part and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of El Salvador, was not admitted or paroled into the United States. At a hearing before the Immigration Judge, the respondent conceded that he was inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2006), and sought review of his application for Temporary Protected Status ("TPS") under section 244 of the Act, 8 U.S.C. § 1254a (2006), which had been denied by the United States Citizenship and Immigration Services ("USCIS").

The Immigration Judge directed the DHS to file a copy of the respondent's administrative records. The DHS agreed to submit a copy of the USCIS's denial letter but declined the Immigration Judge's request to provide the

respondent's TPS application. Likening the consideration of the respondent's TPS application to the general appellate process, the Immigration Judge determined that it was the responsibility of the DHS to provide the complete administrative record, without which he would not review the respondent's TPS application. The Immigration Judge therefore terminated the proceedings, citing the DHS's failure to prosecute.

## II. ISSUE

The question before us is whether the DHS is required to provide the Immigration Judge with the administrative record of an applicant's TPS application that was adjudicated and denied by the USCIS when the applicant has renewed his TPS application in removal proceedings. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011).

## III. ANALYSIS

As a general matter, it is the DHS's burden in removal proceedings to establish that an alien is removable. Section 240(c)(3)(A) of the Act, 8 U.S.C. § 1229a(c)(3)(A) (2006); 8 C.F.R. § 1240.8(a) (2011). Thereafter, it is the alien's burden to establish his eligibility for any application for relief from removal. Section 240(c)(4)(A) of the Act; 8 C.F.R. § 1240.8(d). To sustain that burden, the alien must comply with the applicable requirements to submit information and documentation in support of the application for relief, as provided by law or regulation or by the application's instructions. Section 240(c)(4)(B) of the Act.

The statute sets forth the eligibility requirements and standards for TPS. Sections 244(c)(1)–(2) of the Act. The specific procedures for applying for TPS and for seeking review of a denial of benefits are established by regulation. *See* section 244(b)(5)(B) of the Act.

Generally, an application for TPS is filed with the USCIS.[1] *See* 8 C.F.R. §§ 244.6, 244.7, 244.9, 1244.6, 1244.7, 1244.9 (2011). If the application is denied, the applicant has the right to appeal to the Administrative Appeals Unit ("AAU"). 8 C.F.R. §§ 244.10(c), 1244.10(c) (2011). If an applicant files the proper form to appeal a denial by the director, "the administrative record shall be forwarded to the AAU for review and decision." 8 C.F.R. §§ 244.10(c), 1244.10(c). If an adverse decision by the director or the AAU,

---

[1] An Immigration Judge may be the initial adjudicator of a TPS application in limited circumstances not applicable here. *See Matter of Lopez-Aldana*, 25 I&N Dec. 49, 51 n.1 (BIA 2009), and the regulations cited therein.

including withdrawal of TPS, results in the issuance of a charging document, the notice of the decision must also advise the applicant of his right to a de novo determination of eligibility for TPS in subsequent proceedings before an Immigration Judge. 8 C.F.R. §§ 244.10(c)(2), (d)(1), 244.14(b)(3), (c), 1244.10(c)(2), (d)(1), 1244.14(b)(3), (c) (2011). If a charging document is filed with an Immigration Court while the appeal is pending before the AAU, the appeal will be dismissed and the record of proceeding will be returned. 8 C.F.R. §§ 244.18(b), 1244.18(b) (2011). The applicable regulation specifies that "[i]f a charging document is served on the alien with a notice of denial or withdrawal of [TPS], an alien may renew the application for [TPS] in deportation or exclusion proceedings." 8 C.F.R. §§ 244.11, 1244.11 (2011).

We have held that a TPS applicant may seek de novo review of his application by an Immigration Judge in removal proceedings. *Matter of Lopez-Aldana*, 25 I&N Dec. 49 (BIA 2009); *Matter of Barrientos*, 24 I&N Dec. 100 (BIA 2007); *see also* section 244(b)(5)(B) of the Act. However, we have not addressed the issue of what responsibilities, if any, the applicant or the DHS has concerning the production of the application or other documents with respect to that renewed application.

We adhere to the principles of statutory construction when interpreting regulations. *Matter of F-P-R-*, 24 I&N Dec. 681, 683 (BIA 2008). We look first to a regulation's language and are required to give effect to the unambiguously expressed intent of the regulation. *Id.*; *see also Chevron, U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). Executive intent is presumed to be expressed by the ordinary meaning of the words used. *Matter of F-P-R-*, 24 I&N Dec. at 683; *see also INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987). We should also construe a regulation to give effect to all of its provisions. *See Matter of E-L-H-*, 23 I&N Dec. 814, 823 (BIA 2005); *Matter of Masri*, 22 I&N Dec. 1145, 1148 (BIA 1999).

The regulations that permit an applicant to renew his application for TPS in removal proceedings before an Immigration Judge do not specify whether doing so imposes on the applicant or the DHS the responsibility for the production of documents. 8 C.F.R. §§ 244.11, 1244.11. Likewise, similar regulations that permit the renewal of an application for other benefits in removal proceedings do not specify the respective responsibilities of the parties in this regard. *See* 8 C.F.R. §§ 209.1(e), 1209.1(e) (adjustment of status as a refugee); 209.2(f), 1209.2(f) (adjustment of status as an asylee); 245.2(a)(5)(ii), 1245.2(a)(5)(ii) (adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (2006)); 249.2(b), 1249.2(b) (2011) (application for permanent residence under section 249 of the Act, 8 U.S.C. § 1259 (2006)); *see also* 8 C.F.R. §§ 216.4(d)(2), 1216.4(d)(2) (joint petition to remove the conditions on residence for an alien spouse); 216.5(f), 1216.5(f) (application

for waiver of the requirement to file a joint petition to remove the conditions on residence for an alien spouse); 216.6(d)(2), 1216.6(d)(2) (2011) (petition by an entrepreneur to remove the conditional basis for lawful permanent resident status).[2]

However, we find no language in the applicable TPS regulations that may reasonably be construed as requiring an applicant to file a new application before the Immigration Judge rather than to rely on the application filed with the USCIS. Indeed, the very term "renew" implies a procedure that contemplates production of the previous application. *See* 8 C.F.R. §§ 244.11, 1244.11. Pursuant to regulation, a TPS application consists of a completed Form I-821 (Application for Temporary Protected Status), a Form I-765 (Application for Employment Authorization), two identification photographs, and all documentation required by the instructions or requested by the USCIS. 8 C.F.R. §§ 244.6, 1244.6; *see also* 8 C.F.R. §§ 244.9, 1244.9 (stating the supporting evidence that is required for a TPS application). Absent specific regulatory language that requires the applicant to file a new application and supporting documentation, we will not impose such a burden on the applicant.

In practice, an applicant who is seeking to renew a previously filed TPS application often submits to the Immigration Court a copy of the application that was filed with the USCIS.[3] However, there are also cases in which, for any number of reasons, the applicant may not have copies of the TPS application and associated documents that were filed with the USCIS. In such cases, the only recourse is to secure the documents from the USCIS administrative record. This requirement also safeguards the integrity of the proceedings. Construing the regulations to require the DHS to provide the application documents ensures that, at a minimum, the Immigration Judge has access to the documents the TPS applicant already filed with the Government.

Moreover, we find no provision in the statute or regulations that prohibits an Immigration Judge, in appropriate circumstances, from requiring the DHS

---

[2] In contrast, other regulations specify that an application for asylum, suspension of deportation, or special rule cancellation that is not granted by an asylum officer is referred to an Immigration Judge. *See* 8 C.F.R. §§ 208.14(c)(1), 240.70(d), 1208.14(c)(1), 1240.70(d) (2011). We note that prior to the current referral system, the regulations provided that an asylum application denied by an asylum officer could be renewed in proceedings before an Immigration Judge and that only a previously filed but unadjudicated asylum application had to be resubmitted to the Immigration Judge. *See* Aliens and Nationality; Asylum and Withholding of Deportation Procedures, 55 Fed. Reg. 30,674, 30,680-81, 30,685 (July 27, 1990) (codified at 8 C.F.R. §§ 208.2(b), 208.18(b) (1991)).

[3] We note, however, that a respondent is not bound to file a copy of the previously filed application but may choose to file an amended or updated application with the Immigration Court.

to produce the TPS application that the applicant filed with the USCIS. An Immigration Judge has the authority to regulate the course of the hearing and to take any action consistent with applicable law and regulations as may be appropriate. 8 C.F.R. §§ 1240.1(a)(1)(iv), (c) (2011). When, for example, an applicant has not retained a copy of the application or is unable to produce a complete copy, we cannot conclude that it is inappropriate or otherwise outside the Immigration Judge's authority to require the DHS to provide the Immigration Court with the applicant's TPS application, as it is defined by regulation.[4]

## IV. CONCLUSION

We agree with the DHS that termination of proceedings was not proper in this case, and to that extent the appeal will be sustained. *See generally Matter of W-C-B-*, 24 I&N Dec. 118 (BIA 2007). Based on the above discussion, we do not agree with the Immigration Judge's determination that the DHS is required to provide the Immigration Court with an applicant's complete administrative record from the USCIS. However, we conclude that the Immigration Judge may, in the appropriate circumstances, require the DHS to provide the application that the applicant filed with the USCIS. A remand is necessary in this case so that the DHS may do so.

**ORDER:** The appeal of the Department of Homeland Security is sustained in part, the decision of the Immigration Judge is vacated, and the removal proceedings against the respondent are reinstated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[4] We find no language in the regulations that would preclude the DHS from submitting to the Immigration Court other documents from an applicant's administrative record, for example, for purposes of rebutting information or evidence otherwise supplied in removal proceedings.