# Matter of Antonio FIGUEROA, Respondent

*Decided September 14, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When an application for Temporary Protected Status that has been denied by the United States Citizenship and Immigration Services ("USCIS") is renewed in removal proceedings, the Immigration Judge may consider any material and relevant evidence, regardless of whether the evidence was previously considered in proceedings before the USCIS.

FOR RESPONDENT: Anne E. Doebler, Buffalo, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Steven J. Connelly, Assistant Chief Counsel

BEFORE: Board Panel: MILLER, ADKINS-BLANCH, and GUENDELSBERGER, Board Members.

ADKINS-BLANCH, Board Member:

In a decision dated May 21, 2009, an Immigration Judge denied the respondent's application for Temporary Protected Status ("TPS") under section 244 of the Immigration and Nationality Act, 8 U.S.C. § 1254a (2006), but granted his request for voluntary departure. The respondent has appealed from that decision. The record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of El Salvador, filed multiple applications for TPS with the United States Citizenship and Immigration Services ("USCIS"), the earliest of which was filed on or about May 21, 2001. The USCIS denied the applications based on the respondent's failure to submit evidence sufficient to establish his continuous residence in the United States since February 13, 2001. The Department of Homeland Security ("DHS") served the respondent with a Notice to Appear (Form I-862) on or about September 11, 2007.

In removal proceedings, the respondent renewed his TPS application and submitted a new Form I-821 (Application for Temporary Protected Status). The DHS provided all the documents associated with the TPS proceedings

before the USCIS. The respondent offered his own testimony, as well as testimony from three brothers and a brother-in-law. Prior to the testimony, counsel for the DHS questioned whether the Immigration Judge could consider new witness testimony on a renewed TPS application. He asked that the testimony be given limited weight but made no objection.

After the hearing, the Immigration Judge advised the parties that some of the testimony did not record, and he reset the matter for the witnesses to return. Shortly thereafter, the complete tapes were located, and without taking further testimony, the Immigration Judge issued a written decision on May 21, 2009. In his decision, the Immigration Judge found that the respondent had not presented documentary evidence or testimony sufficient to establish continuous residence in the United States since February 13, 2001.

On appeal, the respondent asserts that the evidence is sufficient to find the required continuous residence. He requests that if we do not agree, we should find the record to be incomplete and remand for further proceedings, noting that although the Immigration Judge's decision refers to testimony from each of the four witnesses for the respondent, the transcript that was sent to the parties and was associated with the record is missing the testimony from two of them. In response, the DHS indicates that it does not oppose a remand for the purpose of securing the entire transcript. However, the DHS asks that we make a preliminary determination "as to whether it is proper for the respondent to be relying on witness testimony in the renewal of his denied TPS application before the Court, as those witnesses served no part in the previously denied application."

## II. ISSUE

The issue before us is whether an Immigration Judge who adjudicates an application for TPS that has been renewed in removal proceedings may consider evidence that was not of record in the proceedings before the USCIS. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011).

## III. ANALYSIS

Generally, to be eligible for TPS, an alien must be a national of a foreign state designated for TPS who (1) meets specific continuous physical presence and continuous residence requirements, (2) is not otherwise inadmissible or ineligible for such status, and (3) registers for such status as required by statute and the regulations. Sections 244(c)(1), (2) of the Act; 8 C.F.R. §§ 244.2, 1244.2 (2011). In particular, a national of El Salvador, such as the respondent, must demonstrate continuous physical presence in the United States since March 9, 2001, as well as continuous residence

since February 13, 2001.  *See* Designation of El Salvador Under Temporary Protected Status Program, 66 Fed. Reg. 14,214 (Mar. 9, 2001).

Typically, an application for TPS is filed with the USCIS.[1]  *See* 8 C.F.R. §§ 244.6, 244.7, 244.9, 1244.6, 1244.7, 1244.9 (2011).  If an adverse decision results in the issuance of a charging document, the notice of the decision must also advise the applicant of his right to a de novo determination of eligibility for TPS in subsequent proceedings before an Immigration Judge.  8 C.F.R. §§ 244.10(c)(2), (d)(1), 244.14(b)(3), (c), 1244.10(c)(2), (d)(1), 1244.14(b)(3), (c) (2011).  If a charging document is served on the alien with a notice of an adverse decision, the alien may renew the application for TPS in removal proceedings.  8 C.F.R. §§ 244.11, 1244.11 (2011); *see also* section 244(b)(5)(B) of the Act (stating that the administrative procedure for the review of the denial of TPS shall not prevent an alien from asserting TPS protection in removal proceedings).

Construing the applicable statutes and regulations, we have previously held that a TPS applicant may seek de novo review of his application by an Immigration Judge in removal proceedings.  *See Matter of Lopez-Aldana*, 25 I&N Dec. 49 (BIA 2009); *Matter of Barrientos*, 24 I&N Dec. 100 (BIA 2007).  We now hold that an Immigration Judge may consider any material and relevant evidence when adjudicating a renewed application for TPS, regardless of whether the evidence was previously considered in proceedings before the USCIS.

When interpreting statutes and regulations, we look first to the plain meaning of the language and are required to give effect to unambiguously expressed intent.  *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Matter of F-P-R-*, 24 I&N Dec. 681, 683 (BIA 2008).  Executive intent is presumed to be expressed by the ordinary meaning of the words used.  *Matter of F-P-R-*, 24 I&N Dec. at 683; *see also INS v. Cardoza-Fonseca*, 480 U.S. 421, 431 (1987).  We also construe a statute or regulation to give effect to all of its provisions.  *Matter of E-L-H-*, 23 I&N Dec. 814, 823 (BIA 2005); *Matter of Masri*, 22 I&N Dec. 1145, 1148 (BIA 1999).

We find no language in the applicable statute or regulations that restricts the evidence the Immigration Judge may consider when adjudicating a renewed application for TPS.  Section 244(b)(5)(B) of the Act; 8 C.F.R. §§ 244.11, 1244.11.  Moreover, we find no support elsewhere in the law or other regulations for such restriction.  In fact, Immigration Judges, who exercise the powers and duties delegated by the Attorney General of the

---

[1] An Immigration Judge may be the initial adjudicator of a TPS application in limited circumstances not applicable here.  *See Matter of Lopez-Aldana*, 25 I&N Dec. 49, 51 n.1 (BIA 2009), and the regulations cited therein.

United States, have broad authority over the manner in which they conduct proceedings. In deciding individual cases, an Immigration Judge must exercise his or her independent judgment and discretion and may take any action consistent with the Act and regulations that is appropriate and necessary for the disposition of such cases. 8 C.F.R. § 1003.10(b) (2011). In particular, an Immigration Judge conducting removal proceedings has the authority to receive and consider material and relevant evidence, question the alien and any other witnesses, and generally take any action consistent with applicable law and regulations as may be appropriate. Section 240(b)(1) of the Act, 8 U.S.C. § 1229a(b)(1) (2006); 8 C.F.R. §§ 1003.10(b), 1240.1(a)(1)(iv), (c) (2011).

We have held that when an application for TPS that has been denied by the USCIS is renewed in removal proceedings, an Immigration Judge may, in the appropriate circumstances, require the DHS to provide the application that the applicant filed with the USCIS. *Matter of Henriquez Rivera*, 25 I&N Dec. 575 (BIA 2011). In that case, we stated that such a policy ensures that, at a minimum, the Immigration Judge has all the documents considered by the USCIS. *Id*. at 578. However, we did not explicitly or implicitly limit the Immigration Judge's consideration to only those documents; in fact, our decision contemplated the situation where, as here, the respondent provides a new or amended application. *Id*. Similarly, our previous precedents addressing the TPS issue have specified that the respondent receives de novo consideration of his TPS application by the Immigration Judge. *See Matter of Lopez-Aldana*, 25 I&N Dec. at 51; *Matter of Barrientos*, 24 I&N Dec. at 102. To limit the evidence before the Immigration Judge to that which was previously considered by the USCIS would result in de facto appellate review of the USCIS decision, which is inconsistent with the law and regulations as we have construed them.[2]

In addition to the powers and duties of the Immigration Judge, we must also consider the rights and burdens of the respondent. A respondent in removal proceedings has the statutory right to a reasonable opportunity to present evidence on his or her own behalf. Section 240(b)(4)(B) of the Act; see also C.F.R. § 1240.10(a)(4) (2011). It is also an alien's burden to prove eligibility for any requested relief from removal. Section 240(c)(4)(A) of the Act; 8 C.F.R. § 1240.8(d) (2011). Absent some specific provision that prohibits the introduction of new evidence before the Immigration Judge, we decline to potentially impair a respondent's ability to satisfy this burden

---

[2] We reached a similar conclusion in *Matter of Herrera del Orden*, 25 I&N Dec. 589 (BIA 2011) (involving the renewal in removal proceedings of the DHS's denial of a waiver of the joint filing requirement for a petition to remove the conditional basis of lawful permanent resident status).

of proof by limiting the right to present evidence on his or her behalf in support of a renewed TPS application.[3]

In this case, the USCIS denied the respondent's application for TPS. He renewed that application in removal proceedings before the Immigration Judge, submitting additional evidence in the form of witness testimony relevant to his burden to prove his continuous residence in the United States since February 13, 2001. We conclude that the Immigration Judge may properly consider that testimony in adjudicating the respondent's TPS application. However, notwithstanding the Immigration Judge's summary of the witness testimony in the decision on appeal, the record shows that the testimony from two of the witnesses has not been transcribed. We therefore agree with the respondent that a remand is required.

## IV. CONCLUSION

An Immigration Judge who adjudicates a renewed application for TPS in removal proceedings may consider any material and relevant evidence, whether or not it was previously before the USCIS. Because the transcript of proceedings before the Immigration Judge in this case is incomplete, a remand is required to secure the missing testimony, which may include holding a new hearing, if necessary. Accordingly, the record will be remanded to the Immigration Judge.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[3] We would reach the same conclusion were the DHS seeking to present evidence in removal proceedings that was not before the USCIS.