# Matter of D-A-C-, Respondent

*Decided July 26, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   Immigration Judges have the authority to deny an application for temporary protected status in the exercise of discretion.

FOR RESPONDENT:  Mary Sameera Van Houten Harper, Esquire, Brooklyn, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Joshua Lee, Assistant Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

   In a decision dated October 10, 2018, an Immigration Judge found the respondent removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i) (2012), as an alien who is in the United States without permission, and denied his application for temporary protected status ("TPS").  The respondent has appealed from that decision.[1] The appeal will be dismissed.
   The respondent is a native and citizen of El Salvador, who entered the United States in April 1997.  On January 30, 2018, he pled guilty to attempted endangering the welfare of a child, a class B misdemeanor under sections 110.00 and 260.10(01) of the New York Penal Law, for which he was sentenced to 90 days in prison.  An order of protection was also issued against the respondent.
   The Immigration Judge found that the respondent is statutorily eligible for TPS under section 244 of the Act, 8 U.S.C. § 1254a (2012).  However, he denied the application because the respondent did not establish that a favorable exercise of discretion was warranted.  The respondent challenges the denial of his application, arguing that an Immigration Judge does not have

---

[1]  The Immigration Judge also denied the respondent's applications regarding his claim that he will be persecuted in El Salvador if he is deported because, as a criminal deportee, he would be harmed by gangs or tortured by the Government.  However, the respondent states on appeal that he does not contest the denial of these applications, so we deem any issues in that regard waived.  *See Matter of Zhang*, 27 I&N Dec. 569, 569 n.2 (BIA 2019).

the authority to deny TPS in discretion and, alternatively, that he merits a discretionary grant of TPS. We disagree.

The respondent primarily argues that discretionary determinations should be limited to forms of relief, such as waivers of inadmissibility or cancellation of removal, where the terms "discretion" or "good moral character" have been explicitly incorporated into the framework of the statute.[2] However, it is not necessary for a statute to include this language if it otherwise indicates that it has a discretionary component, as it does here.

The plain language of section 244(a)(1)(A) of the Act provides that the Attorney General "*may* grant an alien" TPS if the alien meets the statutory eligibility requirements in section 244(c). "The word 'may' customarily connotes discretion."[3] *Jama v. ICE*, 543 U.S. 335, 346 (2005). Moreover, in other parts of the TPS statute, Congress used the word "shall," which "generally imposes a nondiscretionary duty." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018); *see also, e.g.*, sections 244(a)(1)(A), (B) of the Act (stating that the Attorney General "shall not remove the alien" while TPS status is in effect and "shall authorize the alien to engage in employment"). The fact that both words are in the same statute further reinforces that a grant of TPS is intended to be discretionary. *See Jama*, 543 U.S. at 346 (emphasizing the "inappropriateness of reading 'may' to mean 'shall,'" particularly where "'may' is used in contraposition to the word 'shall'").

The applicable regulations also provide that an applicant "may in the discretion of the director be granted Temporary Protected Status." 8 C.F.R. §§ 244.2, 1244.2 (2019). Although these regulations refer to "the director," we have held that an alien may renew an application for TPS in removal proceedings before an Immigration Judge, who has de novo review over such applications. *See Matter of Figueroa*, 25 I&N Dec. 596, 598 (BIA 2011).

The respondent notes that section 242(a)(2)(B)(i) of the Act, 8 U.S.C. § 1252(a)(2)(B)(i) (2012), divests the Federal courts of jurisdiction to review "any judgment regarding the granting of relief under section 212(h), 212(i), 240A, 240B, or 245" of the Act and argues that if Congress had intended TPS to be discretionary, it would have included section 244 in this provision. Section 242(a)(2)(B)(i)'s limitation on the scope of the courts' review

---

[2] Although the respondent implies that good moral character is a matter of discretion, it is clear that an applicant for cancellation of removal or voluntary departure must establish good moral character to be statutorily eligible for relief. *See* sections 240A(b)(1)(B), 240B(b)(1)(B) of the Act, 8 U.S.C. § 1229b(b)(1)(B), 1229c(b)(1)(B) (2012); *Matter of Gomez-Beltran*, 26 I&N Dec. 765, 770 (BIA 2019). Good moral character and discretion are distinct issues that should be evaluated separately.

[3] Significantly, provisions for other forms of discretionary relief in the Act, including certain waivers of inadmissibility, cancellation of removal, and voluntary departure, state that relief "may" be granted, without including the word "discretion." *See, e.g.*, sections 212(e), 240A(a)–(b)(1), 240B(b)(1) of the Act.

authority does not determine whether TPS can be denied as a matter of discretion. The fact that this ancillary jurisdictional statute lists several other provisions for discretionary forms of relief in the Act does not override the plain language of section 244(a)(1)(A).

The United States Court of Appeals for the Eleventh Circuit has specifically stated that "[t]he ultimate decision of whether to grant TPS to an alien is undisputedly within the discretion of the Secretary" of Homeland Security pursuant to section 244(a)(1)(A) of the Act. *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1143 (11th Cir. 2009) (per curiam). We are unpersuaded that there are any valid reasons to read section 244(a)(1)(A) differently. We therefore conclude that TPS is a discretionary form of relief and that Immigration Judges have the authority to deny TPS in the exercise of discretion. *See Matter of Figueroa*, 25 I&N Dec. at 598.

We must next examine the Immigration Judge's denial of TPS in this case. To be statutorily eligible for TPS, the respondent must prove that he is admissible to the United States and meets certain other requirements, including timely registration and continuous physical presence. Section 244(c)(1)(A) of the Act. In addition, he must establish that he is not barred from relief because he has been convicted of a felony or two or more misdemeanors in the United States or has engaged in other serious conduct specified in the Act. Section 244(c)(2)(B) of the Act.

The Immigration Judge determined that the respondent is statutorily eligible for TPS, finding that his conviction for a single misdemeanor did not bar him from establishing eligibility. The respondent argues that this alone warrants a grant of relief and that the Immigration Judge erred in considering the factual circumstances underlying his conviction. The Supreme Court has made clear, however, that an alien's statutory eligibility for discretionary relief "in no way limits the considerations that may guide [the exercise of] discretion to determine who, among those eligible, will be accorded grace." *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 31 (1996).

It is well established that "there is no inflexible standard for determining who should be granted discretionary relief, and each case must be judged on its own merits." *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998). Although we have not previously decided what factors should be considered in the TPS context, we deem it appropriate to balance the favorable and adverse factors in a manner similar to that which we have long employed in analyzing other forms of discretionary relief.

> For example, favorable considerations include such factors as family ties within the United States, residence of long duration in this country (particularly when the inception of residence occurred while at a young age), evidence of hardship to the respondent and his family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence

> of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character. Among the factors deemed adverse to an alien are the nature and underlying circumstances of the grounds of [removal] that are at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.

*Id.* (citing *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978)) (setting forth the factors to be applied in exercising discretion under section 240A of the Act).

In addition, since the purpose of TPS is to provide protection based on adverse conditions in an alien's home country, it is important to also consider how those conditions might affect the alien's potential safety if he is removed there. *See Matter of Sosa Ventura*, 25 I&N Dec. 391, 394–95 (BIA 2010). The ultimate consideration when balancing factors in the exercise of discretion is to determine whether a grant of relief, or in this case protection, appears to be in the best interest of the United States. *See Matter of C-V-T-*, 22 I&N Dec. at 11; *see also Matter of Mendez*, 21 I&N Dec. 296, 305 (BIA 1996) (considering the welfare and safety of others in this country in making a discretionary determination).

In some circumstances, meeting the minimum eligibility requirements for relief may be sufficient to warrant a favorable exercise of discretion, especially where, as here, there are restrictive statutory bars to eligibility for criminal conduct and the relief itself is temporary. *See Matter of C-V-T-*, 22 I&N Dec. at 11. However, any adverse factors, including recent criminal activity, must be offset by significant additional equities. *Id.*

The respondent was convicted of attempting to endanger the welfare of a child. The charging document in his case alleged that he grabbed a young girl by the arm and that he forcibly attempted to kiss her on the lips and touch her in an inappropriate manner. However, he testified that he never touched the girl inappropriately and that he inadvertently kissed her lips, instead of her cheek, in an attempt to console her after he pushed her away from a machine he was operating while he was working in the family home.

The Immigration Judge found that the charging document was reliable as to the key facts that formed the basis for the respondent's conviction and persuasive as to his actual conduct. He also determined that the respondent was evasive and withheld important details and that his testimony was not consistent in all respects with a statement he gave to the police. The Immigration Judge considered implausible the respondent's claim that the prosecutor added untrue facts to the charging document to convince him to plead guilty. Stating that he was not satisfied by the respondent's

explanations, the Immigration Judge found that his testimony regarding his conviction was not credible, which the respondent claims was erroneous.

An Immigration Judge "is not required to accept a respondent's assertions, even if plausible, where there are other permissible views of the evidence based on the record." *Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646, 648 (9th Cir. 2015). The Immigration Judge's findings as to the respondent's conduct represent a permissible view of the evidence. There is no clear error in these findings. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

The respondent argues that he was not required to admit all the allegations in the charging document and only pled guilty to the broad language of section 260.10(01), that is, to attempting to act "in a manner likely to be injurious to the physical, mental or moral welfare of a child." In particular, he asserts that he did not admit guilt to the inappropriate physical conduct alleged in the charging document and that the Immigration Judge should not have considered the allegations as true.[4]

In support of his claim, the respondent cites *Padmore v. Holder*, 609 F.3d 62 (2d Cir. 2010) (per curiam), where the Second Circuit found that we impermissibly engaged in fact-finding when we relied on information in an arrest report and a prosecutor's affidavit that was based on a statement by a police officer. The alien disputed factual statements in both documents, and the Immigration Judge made no findings in that regard. The court held that we exceeded our authority by reversing the Immigration Judge's grant of discretionary relief, "*not* on the basis of having found clear error, but instead based on disputed material facts with respect to which the [Immigration Judge] reached no resolution, and which [were] analyzed in such a way as to constitute independent factfinding." *Id.* at 68 (citation omitted).

The respondent's reliance on that case is misplaced. Unlike in *Padmore*, the Immigration Judge here found the charging document to be reliable, and he made an adverse credibility finding regarding the respondent's testimony, which we have determined is not clearly erroneous. *Padmore* is distinguishable and, consequently, not controlling in the respondent's case.[5]

---

[4]   In analyzing a conviction under the categorical approach, we must assume that the respondent committed the least of the acts criminalized by his statute of conviction. *See Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). However, the categorical approach is not applicable in a discretionary determination, where it is proper to consider all probative evidence regarding the factual circumstances surrounding a conviction.

[5]   Two other cases cited by the respondent are also distinguishable. *Rojas v. Att'y Gen. of U.S.*, 728 F.3d 203, 220 (3d Cir. 2013) (en banc) (rejecting the use of a police criminal complaint to establish the fact of a conviction, except "to the extent it serves as a charging

Significantly, the Second Circuit recognized that the Board has "authority to review 'police reports and complaints, even if containing hearsay and not a part of the formal record of conviction' because such documents 'are appropriately admitted for the purposes of considering an application for discretionary relief.'" *Id.* at 69 (quoting *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007)).

Thus, it was proper for the Immigration Judge to consider any reliable and probative evidence regarding the respondent's actual conduct, including the information in the charging document, to determine the factual circumstances underlying his conviction. *See Matter of Mendez*, 21 I&N Dec. at 303 n.1 (noting that "it is proper to look to probative evidence outside the record of conviction in inquiring as to the circumstances surrounding the commission of the crime in order to determine whether a favorable exercise of discretion is warranted" (citation omitted)); *Matter of Grijalva*, 19 I&N Dec. 713, 722 (BIA 1988) (finding the admission of police reports "especially appropriate in cases involving discretionary relief from deportation, where all relevant factors concerning an arrest and conviction should be considered"); *see also Matter of D-R-*, 25 I&N Dec. at 458 ("Immigration Judges have broad discretion to admit and consider relevant and probative evidence.").

In balancing the various factors in the respondent's case, the Immigration Judge recognized the equities reflected in the record, including the respondent's residence in the United States for many years, his history of gainful employment, and his strong ties to the community. The Immigration Judge also noted the current country conditions in El Salvador in view of the respondent's claimed fear of persecution. However, the respondent has not pursued the persecution claim on appeal or otherwise argued that a grant of TPS is warranted because of adverse country conditions in El Salvador.

Concluding that the serious nature of the respondent's crime and his lack of candor outweighed his equities, the Immigration Judge denied his application for TPS in the exercise of discretion. Based on our consideration of the Immigration Judge's factual findings and our de novo review of his discretionary determination, we agree with the Immigration Judge that denial of the respondent's application for TPS was appropriate. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

instrument with certain indicia of reliability"); *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007) (finding that the district court impermissibly enhanced a criminal defendant's sentence "based solely on unproven charges in an indictment").