NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNALDO MANUEL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-601

Agency No.
A097-228-773

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023**
San Francisco, California

Before: SILER, WARDLAW, and M. SMITH, Circuit Judges.***

Petitioner Reynaldo Manuel, a citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

of the Immigration Judge's (IJ) denial of his applications for adjustment of

status and cancellation of removal. Because the parties are familiar with the

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
Court of Appeals, Sixth Circuit, sitting by designation.

facts, we do not recount them here except as necessary to provide context.

We lack jurisdiction to review "any judgment regarding the granting of" discretionary immigration relief, including cancellation of removal and adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022) (holding that § 1252(a)(2)(B)(i) strips courts of jurisdiction over "any judgment *relating to* the granting of relief[, which] plainly includes factual findings."). Because the BIA denied Petitioner's applications as a matter of discretion, we have jurisdiction over his petition only to the extent it raises colorable constitutional and legal claims. *See* 8 U.S.C. § 1252(a)(2)(D).

1. We lack jurisdiction to consider the petitioner's factual challenges to the agency's adverse credibility finding. *See Patel*, 142 S. Ct. at 1622; *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (noting that "adverse credibility determinations" are "factual findings"). Manuel disputes the agency's evaluation of testimony regarding his prior relationships and criminal history, suggesting that the IJ's "faulty factual findings . . . led to a flawed balancing of the equities" culminating in a legally erroneous adverse credibility finding. However, each of the petitioner's challenges concern the IJ's weighing of certain facts. We lack jurisdiction to consider such challenges.

2. Petitioner contends that the IJ committed legal error by admitting the police report related to his 2011 arrest, which resulted in his convictions for

domestic battery and exhibiting a deadly weapon,[1] and relying on the report in the IJ's balancing of favorable and unfavorable factors. However, IJs may consider "any reliable and probative evidence regarding [an applicant's] actual conduct . . . to determine the factual circumstances underlying his conviction" and, consequently, whether a favorable exercise of discretion is warranted. *Matter of D-A-C-*, 27 I. & N. Dec. 575, 580 (BIA 2019) (citing *In Re Mendez-Moralez*, 21 I. & N. Dec. 296, 303 n.1 (BIA 1996)); *see also Torres-Valdivias v. Lynch*, 786 F.3d 1147, 1152 (9th Cir. 2015). Given Petitioner's own testimony and conviction in relation to his 2011 arrest, Petitioner has not established that the police report is unreliable. To the extent Petitioner makes the argument that the agency gave the report undue weight in its balancing of discretionary factors, we lack jurisdiction to consider it. *See Monroy v. Lynch*, 821 F.3d 1175, 1177–78 (9th Cir. 2016).

3.      Finally, Petitioner argues that the agency's decisions were legally erroneous because the agency failed to consider all relevant factors and evidence in the record. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) ("Where the BIA does not consider all the evidence before it, either by 'misstating the record [or] failing to mention highly probative or potentially dispositive evidence,' its decision is legal error and 'cannot stand.'") (quoting

---

[1] Petitioner also argues that the agency erred in considering a police report from his 2014 arrest, which did not lead to a conviction. However, neither the IJ nor the BIA relied on the 2014 report, and the BIA explicitly noted that the IJ's discretionary analysis did not include the report.

*Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)). We are not persuaded. Manuel again raises unreviewable challenges to the agency's factual findings regarding its discretionary denial of relief. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel*, 142 S. Ct. at 1622. To the extent that Petitioner argues that the agency failed to give this evidence sufficient weight, we lack jurisdiction. *See Monroy*, 821 F.3d at 1177–78. Further, contrary to Petitioner's assertions, the agency explicitly referenced his evidence of rehabilitation and that his wife would suffer hardship if he were removed.[2]

The stay of removal remains in place until the mandate issues.

**PETITION DISMISSED in part; DENIED in part.**

---

[2] Because the agency's discretionary determination is dispositive as to Petitioner's application for cancellation of removal, we need not consider the agency's alternative finding that Petitioner did not establish that his removal would cause his wife exceptional and extremely unusual hardship.